UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES KELLY, | Case No.: 23-CV-695 JLS (MSB) |
| Plaintiff, | |
| v. | **ORDER (1) DENYING WITHOUT PREJUDICE MOTION TO PROCEED *IN FORMA PAUPERIS*; (2) DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a); AND (3) DENYING AS MOOT REQUEST FOR APPOINTMENT OF COUNSEL** |
| MICHEAL ARLINGTON and CRUNCHBASE, | |
| Defendants. | |
| | (ECF Nos. 2, 3) |

Presently before the Court are Plaintiff Dolores Kelly's Motion to Proceed *in Forma Pauperis* ("IFP") ("IFP Mot.," ECF No. 2) and Request for Appointment of Counsel ("Counsel Mot.," ECF No. 3). Having carefully considered Plaintiff's IFP Motion and the applicable law the Court **DENIES WITHOUT PREJUDICE** Plaintiff's IFP Motion, **DENIES AS MOOT** Plaintiff's Counsel Motion, and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint, for the reasons that follow.

/ / /

## MOTION TO PROCEED *IN FORMA PAUPERIS*

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $402.[1] 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1).

Section 1915(a)(1) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

As §1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion.  *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by* 506 U.S. 194 (1993).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).  "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960).  "Nevertheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Escobedo*, 787 F.3d at 1234.

/ / /

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).  The additional $52 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

Although the IFP Motion is clear that the applicant must "[c]omplete all questions in this application" and "not leave any blanks," IFP Mot. at 1, Plaintiff's IFP Motion provides no information about her monthly income, her assets, or her monthly expenses, *see id.* at 1–5.  The same is true as to the "Affi[d]avit in Support of Request for Counsel" Plaintiff filed with her Counsel Motion: although Plaintiff provides her name and address and indicates she is single, the Affidavit is utterly devoid of any information concerning her financial situation.  Counsel Mot. at 4–6.

In light of the foregoing, the Court finds that Plaintiff does not allege poverty with particularity, definiteness, or certainty and, therefore, is not entitled to proceed IFP at this time.  Because the Court lacks any information about Plaintiff's assets, income, and expenses, the Court cannot decide, on the record presently before it, that Plaintiff would be unable to pay court costs and "still afford the necessities of life."  *Escobedo*, 787 F.3d at 1234.  Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's IFP Motion and **DISMISSES WITHOUT PREJUDICE** this civil action in light of Plaintiff's failure to pay the filing fees required by 28 U.S.C. § 1914(a).  *See, e.g.*, *Stika v. McCauley*, No. 19-CV-00677-GPC-LL, 2020 WL 2079390, at *1 (S.D. Cal. Apr. 30, 2020) ("dismiss[ing] . . . [a]ction without prejudice for failure to pay the mandatory fee").

## REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff also has filed a request for appointment of counsel.  *See generally* Counsel Mot.  Given that the Court dismisses Plaintiff's Complaint, however, the Court also **DENIES AS MOOT** Plaintiff's request for appointment of counsel, without prejudice to Plaintiff renewing said motion should she elect to reopen this case and should she satisfy the criteria for this Court's discretionary appointment of counsel to represent an indigent party in a civil case.  *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (noting that, under 28 U.S.C. § 1915(e)(1), a court may request an attorney to represent a person unable to afford counsel upon "[a] finding of . . . exceptional circumstances," which "requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity

3

of the legal issues involved.'" (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986))).

## CONCLUSION

In light of the foregoing, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Proceed IFP (ECF No. 2) and **DISMISSES WITHOUT PREJUDICE** this action in light of Plaintiff's failure to pay the filing fees required by 28 U.S.C. § 1914(a). Furthermore, the Court **DENIES AS MOOT** Plaintiff's Request for Appointment of Counsel (ECF No. 3).

The Court **GRANTS** Plaintiff thirty (30) days from the date on which this Order is electronically docketed to reopen this matter by either (1) filing a properly supported motion to proceed IFP or (2) paying the full $402 civil filing and administrative fee required by 28 U.S.C. § 1914(a). *If Plaintiff chooses not to comply with this Order by either paying the full $402 civil filing and administrative fee or submitting a complete motion to proceed IFP within thirty (30) days of the date of this Order, this civil action will remain dismissed without prejudice and without further order of the Court based on Plaintiff's failure to comply with 28 U.S.C. § 1914(a).*

**IT IS SO ORDERED.**

Dated: April 27, 2023

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge